*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0208p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SEDLEY ALLEY,

*Plaintiff-Appellant,*

v.

GEORGE LITTLE, in his official capacity as
Tennessee's Commissioner of Correction, et al.,
*Defendants-Appellees.*

No. 06-5816

---

Filed: June 26, 2006

Before: BOGGS, Chief Judge; MARTIN, BATCHELDER, DAUGHTREY, MOORE, COLE,[*] CLAY, GILMAN, ROGERS, SUTTON, COOK, MCKEAGUE, and GRIFFIN, Circuit Judges.

---

**AMENDED ORDER**

---

The court having received a petition for initial hearing en banc, and the petition having been circulated to all non-recused active judges of this court, less than a majority of whom favored the suggestion,

It is **ORDERED** that the petition be and hereby is denied.

---

[*] Judge Gibbons recused herself from participation in this ruling.

1

        BOYCE F. MARTIN, JR., Circuit Judge, with whom DAUGHTREY, MOORE, COLE, and CLAY, Circuit Judges, join, dissenting from the denial of initial hearing en banc.  I would grant Sedley Alley's motion for initial hearing en banc, because the panel scheduled to hear his present appeal of the dismissal of his action already addressed the issue of unnecessary delay when it vacated the district court's temporary stay of Alley's execution.  The district court subsequently read the panel opinion as requiring it to dismiss the case on the basis of unnecessary delay and reversing its earlier determination that Alley had brought this action as promptly as he reasonably could have.  *Compare Alley v. Little*, No 3:06-0340, 2006 U.S. Dist. LEXIS 32319, at *10 (M.D. Tenn. May 11, 2006) (stating that given Alley's promptness if filing, "it would be strange jurisprudence to dismiss this action for 'undue delay.'") *with Alley v. Little*, No. 3:06-0340 (M.D. Tenn. June 14, 2006) (finding that "[a]lthough this court remains concerned about the interaction between a robust application of the 'unnecessary delay doctrine and traditional concepts of ripeness in the death penalty context, . . . [t]he law of the Sixth Circuit is that . . . this case was unnecessarily delayed.").

        Given the Supreme Court's recent decision in *Hill v. McDonough,* No. 05-8794, 2006 U.S. LEXIS 4674 (June 12, 2006) allowing challenges to a state's method of execution under 42 U.S.C. § 1983, I believe this is an appropriate case for this Court to address en banc because it presents a "question of exceptional importance."  *See* Fed. R. App. P. 35(a).  Initial en banc consideration is especially appropriate here as the panel has already spoken unequivocally on its view of Alley's "unnecessary delay," and has expressed concern about the deliberations of this Court or the district court delaying Tennessee's scheduled execution of Alley.

        Additionally, Alley is scheduled to be executed in five days, on June 28, 2006.  The extremely short window of time between his current appeal and his pending execution presents all the more reason to allow the full court as much time as possible to consider his appeal, rather than tying up some of that time by presenting his case to a panel that has already spoken on the issue in question.  We should thus hear the case en banc immediately due to the imminence of Alley's scheduled execution.


                                ENTERED BY ORDER OF THE COURT


                                        /s/ Leonard Green
                        _____
                                              Clerk